GARY P. BURCHAM
California Bar No. 190780
964 Fifth Avenue; Suite 300
San Diego, CA 92101
Telephone: (619) 699-5930

Attorney for Manuel Carranza-Soto

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL CARRANZA-SOTO (2),<br><br>Defendant. | Case No. 08CR2715-DMS<br><br>Date: September 19, 2008<br>Time: 11:00 a.m.<br><br>**NOTICE OF MOTIONS AND MOTIONS TO:**<br><br>**1) COMPEL DISCOVERY;**<br>**2) FILE FURTHER MOTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, and
JOSEPH J.M. ORABONA, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Friday, September 19, 2008, at 11:00 a.m., or as soon thereafter as counsel may be heard, the defendant, Manuel Carranza-Soto, by and through his attorney, Gary P. Burcham, will ask this Court to enter an order granting the motions listed below.

//

//

//

//

//

//

**MOTIONS**

Manuel Carranza-Soto, the defendant in this case, by and through his attorney, Gary P. Burcham, pursuant to the Amendments to the United States Constitution, Fed. R. Crim. P., and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) to compel discovery;

2) to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: September 3, 2008

/s/ Gary P. Burcham
GARY P. BURCHAM
Attorney for Manuel Carranza-Soto

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br>v.<br>MANUEL CARRANZA-SOTO,<br>Defendant-Appellant. | U.S.D.C. No. 08CR2715-DMS<br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, GARY P. BURCHAM, am a citizen of the United States and am at least eighteen years of age. My business address is 964 Fifth Avenue, Suite 300, San Diego, CA 92101.

I am not a party to the above-entitled action. I have caused service of Defendant's Motion For Discovery and For Leave To File Further Motions on the following party or parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies him/her.

**Joseph J.M. Orabona, Esq.**
**United States Attorney's Office**
**Border Crimes Unit**
**880 Front Street**
**San Diego, CA 92101**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2008.

/s/ Gary P. Burcham
GARY P. BURCHAM

```
 1  GARY P. BURCHAM
    California Bar No. 190780
 2  964 Fifth Avenue; Suite 300
    San Diego, CA 92101
 3  Telephone:  (619) 699-5930

 4  Attorney for Manuel Carranza-Soto

 5

 6

 7

 8                      UNITED STATES DISTRICT COURT

 9                     SOUTHERN DISTRICT OF CALIFORNIA

10                       (HONORABLE DANA M. SABRAW)

11  UNITED STATES OF AMERICA,      )  Case No. 08CR2715-DMS
                                   )
12           Plaintiff,            )
                                   )  STATEMENT OF FACTS AND
13  v.                             )  MEMORANDUM OF POINTS AND
                                   )  AUTHORITIES IN SUPPORT
14  MANUEL CARRANZA-SOTO (2),      )  OF DEFENDANT'S MOTIONS
                                   )
15           Defendant.            )
                                   )
16
```

17                            **STATEMENT OF FACTS**

18         The following statement of facts is based, in part, on materials
19  received from the government.  Mr. Carranza-Soto does not accept this
20  statement of facts as his own, and reserves the right to take a contrary
21  position at motions hearing and trial.  The facts alleged in these motions
22  are subject to amplification and/or modification at the time these motions
23  are heard.

24         On July 30, 2008, Border Patrol Agent Perez was performing
25  "line-watch" duties near the San Diego/Imperial County line when he saw
26  a Ford Explorer drive past.  The driver of the Explorer was wearing a
27  camouflage hat and shirt.  Perez communicated what he saw to other agents
28  in the area.  Approximately 15 minutes later, Border Patrol Agent Velez

saw this vehicle drive past his location going south, then subsequently saw the same vehicle go past him driving north. Agent Velez believed this was suspicious because he knew of no destination in that area that the vehicle could have reached and then departed from in that amount of time. Agent Velez communicated his observations to other agents in the area.

Border Patrol Agent Lopez then saw the Explorer approaching his position and noticed that the vehicle slowed as it approached him. When the vehicle passed, Lopez noticed the driver was sitting in a straight position, avoiding eye contact, and gripping the steering wheel with both hands. After the vehicle passed his location, Agent Lopez said the vehicle revved its engine and accelerated quickly.

Agent Lopez pulled his vehicle in behind the Explorer and activated his emergency lights to stop the vehicle. The Explorer made a turn onto Highway 78, then failed to yield for the stop, eventually running off the road into a ditch. Several persons ran away from the vehicle, while the person alleged to be the driver, lead-defendant Venancio Rojas-Pedroza, was wedged between the driver's seat and the roof of the vehicle. One of the material witnesses who was caught running away from the Explorer allegedly identified Mr. Carranza-Soto, who was a passenger in the vehicle, as the person who had guided the group across the border on foot.

Rojas-Pedroza, along with Mr. Carranza-Soto, were indicted on four counts of bringing in aliens (two counts for financial gain and two counts for failing to present), as well as aiding and abetting. In a superseding indictment, the government added two additional charges of transportation of illegal aliens, bringing the total number of counts to six.

//

**I.**

**MOTION TO COMPEL DISCOVERY**

Mr. Carranza-Soto has yet to receive any discovery in this case. He therefore moves for the production of the following items by the government. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

(1) The Defendant's Statements. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest

or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(3) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(D), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to the scientific chemical testing done upon the drugs seized in this case to determine if it was indeed marijuana and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(4) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls

within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(5) Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.). As discussed above, this information is discoverable under Brady v. Maryland. This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6) The Defendant's Prior Record. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C); the defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government

and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(9) Tangible Objects. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(10) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

(11) Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland. See Strifler (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) Evidence of Criminal Investigation of Any Government

Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(13) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(14) Witness Addresses. The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(15) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v.

Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(16) Statements Relevant to the Defense. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(17) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(18) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(19) Personnel Records of Government Officers Involved in the Arrest. The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these

documents, defense counsel will not be able to procure them from any other source;

(20) Government Examination of Law Enforcement Personnel Files. The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), cert. denied, 503 U.S. 972 (1992). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to the defendant prior to trial. The defendant specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(21) Notice and a Written Summary of Any Expert Testimony. Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons

therefore, and the witness' qualifications." The defendant also specifically requests the government give him a written summary and notice of any expert testimony the government intends to introduce.

## II.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Carranza-Soto likely will file substantive motions in this case once discovery has been provided. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from the discovery requested herein.

## III.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant the above motions.

Respectfully submitted,

/s/ Gary P. Burcham

Dated: September 3, 2008

GARY P. BURCHAM
Attorney for Manuel Carranza-Soto