1  KATHRYN A. THICKSTUN
   California Bar No. 135014
2  110 West C Street, Suite 2108
   San Diego, CA 92101-3910
3
   Telephone: (619) 523-5375
4  Facsimile:  (619) 523-5376
   E mail: ktleff@cox.net
5
6  Attorney for Defendant VERNANCIO ROJAS-PEDROZA

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                       (HON. DANA M. SABRAW)

11 | UNITED STATES OF AMERICA,        ) Case No.  08 CR 2715 DMS
                                      )
12 |              Plaintiff,           ) NOTICE OF MOTIONS AND MOTIONS
                                      ) TO:
13 |                                   ) 1) COMPEL DISCOVERY;
                                      ) 2) GRANT LEAVE TO FILE FURTHER
14 | v.                                ) MOTIONS.
                                      )
15 | VERNANCIO ROJAS-PEDROZA,          )
                                      )
16 |              Defendant.           )
                                      ) Date: September 19, 2008
17 |_____) Time: 11:00 a.m.

18  TO:    KAREN P. HEWITT, United States Attorney;
           JOSEPH J.M. ORABONA, Assistant United States Attorney.
19

20     PLEASE TAKE NOTICE that the defendant, VERNANCIO ROJAS-PEDROZA, by

21 and through counsel, Kathryn A. Thickstun will ask this Court to grant the motions listed below.

22

23                                **MOTIONS**

24     The defendant, VERNANCIO ROJAS-PEDROZA, by and through counsel, Kathryn

25 Thickstun Leff, pursuant to the United States Constitution, the Federal Rules of Criminal

26 Procedure, and all other applicable statutes and local rules orders to:

27     1) Compel discovery;and

28     2) Grant leave to file further motions.          .

                                                              08 CR 2715 DMS

1 | These motions are based upon the instant motions and notice of motions, the attached
2 | statement of facts and memorandum of points and authorities, the files and records in the above-
3 | captioned matter, and any and all other materials that may come to this Court's attention prior to
4 | or during the hearing of these motions.

Respectfully submitted,

Dated: September 5, 2008

s/Kathryn A. Thickstun
KATHRYN A. THICKSTUN
Attorney for Defendant VERNANCIO ROJAS-PEDROZA

KATHRYN A. THICKSTUN
California Bar No. 135014
110 West C Street, Suite 2108
San Diego, CA 92101-3910

Telephone: (619) 523-5375
Facsimile:  (619) 523-5376
E-Mail: ktleff@cox.net

Attorney for Defendant VENANCIO ROJAS-PEDROZA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. DANA M. SABRAW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 2715 DMS |
| Plaintiff, | ) ) ) | STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO: |
| v. | ) ) ) | 1) COMPEL DISCOVERY; and 2) GRANT LEAVE TO FILE FURTHER MOTIONS. |
| VENANCIO ROJAS-PEDROZA, | ) ) | |
| Defendant. | ) ) ) | |

**I.**

**STATEMENT OF FACTS**

On July 30, 2008, Border Patrol Agent M. Perez was performing anti-smuggling duties in the S-2/HIghway 78 area near the San Diego County / Imperial County line. At approximately 9:10 a.m., Agent Perez saw a green Ford Explorer drive south past the Stage Coach Markey in Shelter Valley, California. Agent Perez saw that the driver was wearing a camouflage shirt and hat. Agent Perez reported his ovservations to other agents south of him. About 15 minutes later, Supervisory Border Patrol Agent Velez saw what he believed to be the same vehicle drive south past his location near mile marker 31. About 15 minutes later, Agent Velez saw the same vehicle driving north near mile marker 32. Agent Velez believed there was no legitimate

destination the car could have reached and departed from within that time frame and, therefore, suspected illegal activity. Agent Velez informed nearby agents about the vehicle and its route of travel.

Border Patrol Agent L. Lopez, located north of Agent Velez, saw the vehicle approaching his location and observed the vehicle slow down. The driver of the vehicle was sitting upright in the driver's seat, had both hands on the steering wheel and did not make eye contact with the agent. The vehicle accelerated as it passed Agent Lopez's location. Agent Lopez got behind the vehicle and activated his emergency equipment at the intersection of S-2 and Highway 78. The Explorer stopped at the stop sign and proceeded west on Highway 78. The Explorer did not yield to the Agent Lopez's emergency equipment. Agent Lopez notified dispatch of the failure to yield. Agent Perez told informed Agent Lopez he would follow the Explorer. Both Agent Lopez and Agent Perez followed the vehicle as it made a right turn and headed west. They followed as the Explorer drove toward Santa Ysabel on Highway 78. They continued to follow as the Explorer turned left onto Old Julian Highway. After driving for three miles on Old Julian Highway, the vehicle entered a series of sharp turns. The agents lost sight of the vehicle for about 30 seconds. In a cloud of dust, the Explorer came to rest in a ditch.

As Agent Perez approached the vehicle, he saw several individuals running away. Venancio Rojas-Pedroza, wearing a camouflage shirt, was wedged between the back of the driver's seat and the roof of the car. He was able to free himself and get out of the vehicle on his own. Agents apprehended others, including Manuel Carranza-Soto, Victor Alcaraz-Duarte, and German Reyes-Calderon. Alcaraz-Duarte and Reyes-Calderon identified Venancio Rojas-Pedroza as the driver of the vehicle and Manuel Carranza-Soto as the foot guide.

In the complaint, Venancio Rojas-Pedroza was charged with a single count of transporting illegal aliens in violation of 8 USC 1324(a)(1)(A)(ii) and Manuel Carranza-Soto was charged with a single count of bringing in illegal aliens without presentation in violation of 8 USC 1324(a)(2)(B)(iii). The four-count indictment, filed August 13, 2008, charges each defendant with two counts of bringing in an illegal alien for gain in violation of 8 USC 1324(a)(2)(B)(ii) and 18 USC 2 and two counts of bringing in an illegal alien without

1  presentation in violation of 8 USC 1324(a)(2)(B)(ii) and 18 USC 2.

## II.

## MOTION TO COMPEL DISCOVERY

Having received no discovery thus far, Mr. Rojas-Pedroza requests the court order the government to provide the following discovery. His request is not limited to those items of which the prosecutor is aware, but includes all discovery listed below which is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." **See United States v. Bryan**, 868 F.2d 1032 (9th Cir. 1989).

1. **The Defendant's Statements.** The government must disclose to Mr. Rojas-Pedroza *all* copies of any written or recorded statements made by him; the substance of any statements made by Mr. Rojas-Pedroza that the government intends to offer in evidence at trial; any response by him to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of his oral statements contained in the handwritten notes of the government agent; any response to any **Miranda** warnings that may have been given to him; and any other statements by him . Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* of Mr. Rojas-Pedroza's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2. **Arrest Reports, Notes and Dispatch Tapes.** Mr. Rojas-Pedroza also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding him arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Rojas-Pedroza or any other discoverable material is contained. Mr. Rojas-Pedroza specifically requests reports of Agents Velez, Lopez, Hays, Barrera, and Mondragon. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and **Brady v. Maryland**, 373 U.S. 83 (1963). **See also Loux v. United States**, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and

1  prosecution reports pertaining to Mr. Rojas-Pedroza are available under Fed. R. Crim. P.
2  16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested,
3  whether or not the government believes them discoverable.

4         3.     **Brady Material**. Mr. Rojas-Pedroza requests all documents, statements, agents'
5  reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the
6  credibility of the government's case. Impeachment and exculpatory evidence both fall within
7  **Brady's** definition of evidence favorable to the accused. **United States v. Bagley**, 473 U.S.
8  667 (1985); **United States v. Agurs**, 427 U.S. 97 (1976).

9         4.     **Any Information That May Result in a Lower Sentence**. As discussed above,
10 any information that may result in a more favorable sentence must also be disclosed pursuant to
11 **Brady**, 373 U.S. 83. The government must disclose any cooperation or attempted cooperation
12 by Mr. Rojas-Pedroza, as well as any information that could affect any base offense level or
13 specific offense characteristic under Chapter Two of the United States Sentencing Commission
14 Guidelines Manual ("Guidelines"). Also included in this request is any information relevant to a
15 Chapter Three adjustment, a determination of Mr. Rojas-Pedroza's criminal history, or any other
16 application of the Guidelines.

17        5.     **The Defendant's Prior Record**. Evidence of a prior record is available under
18 Fed. R. Crim. P. 16(a)(1)(D). Mr. Rojas-Pedroza specifically requests a complete copy of any
19 criminal record.

20        6.     **Any Proposed 404(b) Evidence**. Evidence of prior similar acts is discoverable
21 under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under
22 Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable
23 notice in advance of trial . . . of the general nature . . .." of any evidence the government
24 proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the
25 government to "articulate *precisely* the evidential hypothesis by which a fact of consequence
26 may be inferred from the other acts evidence." **United States v. Mehrmanesh**, 689 F.2d 822,
27 830 (9th Cir. 1982) (emphasis added; internal citations omitted); **see also United States v.**
28

1 **Brooke**, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming **Mehrmanesh** and reversing
2 convictions).
3     This includes any "TECS" records (records of prior border crossings) that the
4 government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal.
5 Although there is nothing intrinsically improper about prior border crossings, they are
6 nonetheless subject to 404(b), as they are "other acts" evidence that the government must
7 produce before trial. **United States v. Vega**, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).
8     Mr. Rojas-Pedroza requests that such notice be given *three weeks before trial* to give the
9 defense time to adequately investigate and prepare for trial.
10     7.     **Evidence Seized**.  Evidence seized as a result of any search, either warrantless or
11 with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).
12     8.     **Request for Preservation of Evidence**.  The defense specifically requests that
13 all **dispatch tapes** or any other physical evidence that may be destroyed, lost, or otherwise put
14 out of the possession, custody, or care of the government and that relate to the arrest or the
15 events leading to the arrest in this case be preserved.  This request includes, but is not limited to
16 vehicle involved in the case, Mr. Rojas-Pedroza's personal effects, and any evidence seized from
17 Mr. Rojas-Pedroza or any third party.  This request also includes any material or percipient
18 witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented
19 aliens and transients).
20     It is requested that the prosecutor be ordered to *question* all the agencies and individuals
21 involved in the prosecution and investigation of this case to determine if such evidence exists,
22 and if it does exist, to inform those parties to preserve any such evidence.
23     9.     **Henthorn Material.**  Mr. Rojas-Pedroza requests that the Assistant United
24 States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all
25 personnel files of each agent involved in the present case for impeachment material. **See Kyles**
26 **v. Whitley**, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to
27 learn of any favorable evidence known to the others acting on the government's behalf in the
28

1  case, including the police"); **United States v. Henthorn**, 931 F.2d 29 (9th Cir. 1991).  This
2  request includes, but is not limited to, any complaints filed (by a member of the public, by
3  another agent, or any other person) against the agent, whether or not the investigating authority
4  has taken any action, as well as any matter for which a disciplinary review was undertaken,
5  whether or not any disciplinary action was ultimately recommended.  Mr. Rojas-Pedroza further
6  requests production of any such information at least *one week* prior to the motion hearing and
7  two weeks prior to trial.  If the prosecutor is uncertain whether certain information should be
8  disclosed pursuant to this request, this information should be produced to the Court in advance
9  of the motion hearing and the trial for an *in camera* inspection.
10         10.    **Tangible Objects**.  Mr. Rojas-Pedroza requests the opportunity to inspect, copy,
11  and test, as necessary, all other documents and tangible objects, including photographs, books,
12  papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions
13  thereof, that are material to the defense or intended for use in the government's case-in-chief or
14  were obtained from or belong to Mr. Rojas-Pedroza.  Fed. R. Crim. P. 16(a)(1)(E).
15  Specifically, Mr. Rojas-Pedroza requests **color copies** of all photographs related to this case in
16  the government's possession.
17         11.    **Expert Witnesses**.  Mr. Rojas-Pedroza requests the name, qualifications, and a
18  written summary of the testimony of any person that the government intends to call as an expert
19  witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  This summary should include a
20  description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s).
21  **See United States v. W.R. Grace**, __ F.3d __, 2007 WL 2003307 *1, *9 (9th Cir., July 12,
22  2007); **United States v. Duvall**, 272 F.3d 825 (7th Cir. 2001) (finding that government's
23  written expert notice did not adequately summarize or describe police detective's testimony in
24  drug prosecution where notice provided only a list of the general subject matters to be covered
25  and failed to identify what opinion the expert would offer on those subjects).  This request
26  includes, but is not limited to, disclosure of the qualifications of any government witness who
27  will testify that he understands and/or speaks Spanish or any other foreign language that may
28

have been used during the course of an interview with Mr. Rojas-Pedroza or any other witness.

Mr. Rojas-Pedroza requests the notice of expert testimony be provided at a minimum of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. **See Kumho v. Carmichael Tire Co.**, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. **Impeachment evidence**. Mr. Rojas-Pedroza requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Rojas-Pedroza. **See** Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under **Brady**, 373 U.S. 83. **See United States v. Strifler**, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); **Thomas v. United States**, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. **Evidence of Criminal Investigation of Any Government Witness**. Mr. Rojas-Pedroza requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. **United States v. Chitty**, 760 F.2d 425 (2d Cir. 1985).

14. **Evidence of Bias or Motive to Lie**. Mr. Rojas-Pedroza requests any evidence that any prospective government witness is biased or prejudiced against him, or has a motive to falsify or distort his or her testimony. **Pennsylvania v. Ritchie**, 480 U.S. 39 (1987); **Strifler**, 851 F.2d 1197. To this end, Mr. Rojas-Pedroza requests discovery regarding the material witness's prior border apprehensions/contacts and any other potential impeachment information regarding this witness.

15. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**. Mr. Rojas-Pedroza requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember,

1 communicate, or tell the truth is impaired; and any evidence that a witness has ever used
2 narcotics or other controlled substance,
3 or has ever been an alcoholic. **Strifler**, 851 F.2d 1197; **Chavis v. North Carolina**, 637 F.2d
4 213, 224 (4th Cir. 1980).

5   16. **Witness Addresses**. Mr. Rojas-Pedroza requests the name and last known
6 address of each prospective government witness. **See United States v. Napue**, 834 F.2d 1311
7 (7th Cir. 1987); **United States v. Tucker**, 716 F.2d 576 (9th Cir. 1983) (failure to interview
8 government witnesses by counsel is ineffective); **United States v. Cook**, 608 F.2d 1175, 1181
9 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Rojas-Pedroza also requests
10 the name and last known address of every witness to the crime or crimes charged (or any of the
11 overt acts committed in furtherance thereof) who will *not* be called as a government witness.
12 **United States v. Cadet**, 727 F.2d 1453 (9th Cir. 1984).

13   17. **Names of Witnesses Favorable to the Defendant**. Mr. Rojas-Pedroza requests
14 the name of any witness who made any arguably favorable statement concerning him or who
15 could not identify him or who was unsure of his identity or participation in the crime charged.
16 **Jackson v. Wainwright**, 390 F.2d 288 (5th Cir. 1968); **Chavis**, 637 F.2d at 223; **Jones v.
17 Jago**, 575 F.2d 1164, 1168 (6th Cir. 1978); **Hudson v. Blackburn**, 601 F.2d 785 (5th Cir.
18 1979), **cert. denied**, 444 U.S. 1086 (1980).

19   18. **Statements Relevant to the Defense**. Mr. Rojas-Pedroza requests disclosure of
20 any statement that may be "relevant to any possible defense or contention" that he might assert.
21 **United States v. Bailleaux**, 685 F.2d 1105 (9th Cir. 1982).

22   19. **Jencks Act Material**. Mr. Rojas-Pedroza requests production in advance of the
23 motion hearing or trial of all material, including dispatch tapes, that the government must
24 produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal
25 acknowledgment that "rough" notes constitute an accurate account of the witness' interview is
26 sufficient for the report or notes to qualify as a statement under section 3500(e)(1). **Campbell
27 v. United States**, 373 U.S. 487, 490-92 (1963); **see also United States v. Boshell**, 952 F.2d
28

1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); **see also United States v. Riley**, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Rojas-Pedroza to investigate the Jencks material. Mr. Rojas-Pedroza requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

20.   **Giglio Information**. Pursuant to **Giglio v. United States**, 405 U.S. 150 (1972), Mr. Rojas-Pedroza requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

21.   **Agreements Between the Government and Witnesses**. Mr. Rojas-Pedroza requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22.   **Informants and Cooperating Witnesses.** Mr. Rojas-Pedroza requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Rojas-Pedroza. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. **Roviaro v. United States**, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate Mr. Rojas-Pedroza.

1   23.   **Bias by Informants or Cooperating Witnesses**.  Mr. Rojas-Pedroza requests
2   disclosure of any information indicating bias on the part of any informant or cooperating
3   witness.  **Giglio**, 405 U.S. 24.  Such information would include what, if any, inducements,
4   favors, payments or threats were made to the witness to secure cooperation with the authorities.
5   24.   **Personnel Records of Government Officers Involved in the Arrest**.  Mr.
6   Rojas-Pedroza requests all citizen complaints and other related internal affairs documents
7   involving any of the immigration officers or other law enforcement officers who were involved
8   in the investigation, arrest and interrogation of Mr. Rojas-Pedroza.  **See Pitchess v. Superior
9   Court**, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense
10  counsel will be unable to procure them from any other source.
11  25.   **Training of Relevant Law Enforcement Officers**.  Mr. Rojas-Pedroza requests
12  copies of all written videotaped or otherwise recorded policies or training instructions or
13  manuals issued by all law enforcement agencies involved in the case (United States Customs
14  Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees
15  regarding:  (a) the handling of vehicles suspected to be transporting contraband across the port
16  of entry; (b) the referral to secondary inspection of persons within those vehicles; (c) the
17  detention of individuals within those vehicles; (d) the search of those vehicles and the occupants
18  of those vehicles, including the proper means of obtaining consent to search and what
19  constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the
20  questioning of suspects and witnesses.  Mr. Rojas-Pedroza also requests all written or otherwise
21  attainable information regarding the training of Customs agents at ports of entry in California to
22  detect or discover contraband in vehicles entering the United States, including any training
23  offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or
24  other law enforcement agencies or individuals.
25  26.   **Performance Goals and Policy Awards**.  Mr. Rojas-Pedroza requests
26  disclosure of information regarding standards used for measuring, compensating or reprimanding
27  the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS,
28

1  etc.) to the extent such information relates to the detection of contraband.  This request
2  specifically includes information concerning performance goals, policy awards, and the standards
3  used by Customs for commending, demoting, or promoting agents for their performance at the
4  port of entry and their success or failure to detect illegal narcotics in general.

5        27.    **TECS Reports**.  Mr. Rojas-Pedroza requests TECs reports.  Mr. Rojas-Pedroza
6  specifically requests any "TECS" records related to him and/or the green Explorer seized in this
7  case.  Any prior border crossings are considered "other acts" evidence which the government
8  must produce before trial.  **United States v. Vega,** 188 F.3d 1150, 1154 (9th Cir., 1999).

9        28.    **Reports of Scientific Tests or Examinations**.  Pursuant to Fed. R. Crim. P.
10  16(a)(1)(F), Mr. Rojas-Pedroza requests the reports of all tests and examinations conducted
11  upon the evidence in this case, including, but not limited to, any fingerprint testing done upon
12  any evidence seized in this case, that is within the possession, custody, or control of the
13  government, the existence of which is known, or by the exercise of due diligence may become
14  known, to the attorney for the government, and that are material to the preparation of the
15  defense or are intended for use by the government as evidence in chief at the trial.

16        29.    **Brady Information**.  The defendant requests all documents, statements, agents'
17  reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which
18  affects the credibility of the government's case.  Under **Brady v. Maryland**, 373 U.S. 83
19  (1963), impeachment as well as exculpatory evidence falls within the definition of evidence
20  favorable to the accused.  **United States v. Bagley**, 473 U.S. 667 (1985); **United States v.**
21  **Agurs**, 427 U.S. 97 (1976).

22        30.    **Any Proposed 404(b) Evidence**.  The government must produce evidence of
23  prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior
24  convictions which would be used to impeach as noted in Fed. R. Crim. P. 609.  In addition,
25  under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide
26  reasonable notice in advance of trial . . . of the general nature" of any evidence the government
27  proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests notice two
28

weeks before trial to give the defense time to investigate and prepare for trial.

31. **Specific Requests**. Mr. Rojas-Pedroza specifically requests the opportunity to view the "A File" of the material witnesses in this case. He also specifically requests all reports and documentation relating to prior apprehensions of the material witnesses.

32. **Residual Request**. The defendant intends by this discovery motion to invoke him rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## V.
## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

As of the date these motions were filed, Mr. Rojas-Pedroza and defense counsel had received no discovery from the government. Mr. Rojas-Pedroza requests leave to file further motions upon review of discovery and further investigation.

## VI.
## CONCLUSION

Based upon the foregoing, Venancio Rojas-Pedroza respectfully requests the court grant the above motions.

Respectfully submitted,

Date: September 5, 2008        s/Kathryn A. Thickstun
                               KATHRYN A. THICKSTUN
                               Attorney for Defendant VENANCIO ROJAS-PEDROZA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08 CR 2715 DMS |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| v. ) | |
| VERNANCIO ROJAS-PEDROZA, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, Kathryn A. Thickstun, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California. My business address is 110 West C St., Ste. 2108, San Diego, California 92101-3910 and am not a party to the above-entitled action. I have caused NOTICE OF MOTIONS AND MOTIONS TO: 1) COMPEL DISCOVERY; AND 2) GRANT LEAVE TO FILE FURTHER MOTIONS; and POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS to be served via the CM/ECF system upon the following:

    AUSA Joseph J. M. Orabona    joseph.orabona@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 5, 2008        s/Kathryn A.Thickstun  
                                         KATHRYN A. THICKSTUN