1  KAREN P. HEWITT
   United States Attorney
2  JOSEPH J.M. ORABONA
   Assistant U.S. Attorney
3  California State Bar No. 223317
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7736
   Facsimile:  (619) 235-2757
6  Email: joseph.orabona@usdoj.gov

7  Attorneys for Plaintiff
   United States of America

                     UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2715-DMS |
| Plaintiff, | ) | Date: September 19, 2008 |
| | ) | Time: 11:00 a.m. |
| v. | ) | Place: Courtroom 10 |
| VERNANCIO ROJAS-PEDROZA (1), | ) | The Honorable Dana M. Sabraw |
| MANUEL CARRANZA-SOTO (2), | ) | |
| Defendants. | ) | **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:** |
| | ) | **(1) RECIPROCAL DISCOVERY; AND** |
| | ) | **(2) LEAVE TO GRANT FURTHER MOTIONS** |

PLEASE TAKE NOTICE that on September 19, 2008, at 11:00 a.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, will move the Court to enter an order granting the following motions.

/ /

/ /

/ /

**MOTIONS**

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby moves this Court for an order granting the following motions for:

1. Reciprocal Discovery; and
2. Leave to File Further Motions

The motions noted above are based on the files and records of this case, together with the a separately captioned statement of facts and memorandum of points and authorities.

DATED: September 8, 2008.

                                                Respectfully submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                /s/ *Joseph J.M. Orabona*
                                                JOSEPH J.M. ORABONA
                                                Assistant United States Attorney

1  KAREN P. HEWITT
   United States Attorney
2  JOSEPH J.M. ORABONA
   Assistant U.S. Attorney
3  California State Bar No. 223317
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-7736
   Facsimile:  (619) 235-2757
6  Email: joseph.orabona@usdoj.gov

7  Attorneys for Plaintiff
   United States of America
8

9
                    UNITED STATES DISTRICT COURT
10
                  SOUTHERN DISTRICT OF CALIFORNIA
11

12 | UNITED STATES OF AMERICA,              ) Criminal Case No. 08CR2715-DMS
                                            )
13 |                                        ) Date:  September 19, 2008
   |                         Plaintiff,     ) Time:  11:00 a.m.
14 |                                        ) Place: Courtroom 10
   |            v.                          )
15 |                                        ) The Honorable Dana M. Sabraw
   |                                        )
16 | VERNANCIO ROJAS-PEDROZA (1),           ) **STATEMENT OF FACTS AND**
   | MANUEL CARRANZA-SOTO (2),              ) **MEMORANDUM OF POINTS AND**
17 |                                        ) **AUTHORITIES**
   |                         Defendants.    )
18 |                                        )
                                            )
19                                          )
                                            )
20 | _____ )

21      The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P.

22 HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby

23 files its Motions in the above-referenced case for (1) Reciprocal Discovery; and (2) Leave to File

24 Further Motions.  These motions are based on the files and records of this case together with the

25 attached statement of facts and memorandum of points and authorities.

26 / /

27 / /

28 / /

**I**

**STATEMENT OF THE CASE**

On August 13, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Vernancio Rojas-Pedroza and Manuel Carranza-Soto ("Defendants") with bringing in illegal aliens for financial gain, bringing in illegal aliens, and aiding and abetting, all in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and 1324(a)(2)(B)(iii), and 18 U.S.C. § 2.  On August 14, 2008, Defendants were arraigned on the Indictment and pled not guilty.  On August 27, 2008, a federal grand jury in the Southern District of California returned a Superseding Indictment charging Defendants with bringing in illegal aliens for financial gain, bringing in illegal aliens, transportation of illegal aliens, and aiding and abetting, all in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii), 1324(a)(1)(A)(i), 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II), and 18 U.S.C. § 2.  The motion hearing is on September 19, 2008.  The United States files the following motions for reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.     OFFENSE CONDUCT**

On July 30, 2008, Border Patrol Agent M. Perez was performing anti-smuggling operations along the S-2 and Highway 78 near the San Diego County/Imperial County line.  At approximately 9:10 a.m., Agent Perez observed a green, 1992 Ford Explorer, with California license plate number "4PNC991," drive past the Stage Coach Markey in Shelter Valley, California.  Agent Perez observed that the driver was wearing a camouflage shirt and a camouflage hat.  Agent Perez informed the other Border Patrol agents operating south of his location of his observations regarding the Ford Explorer. At approximately 9:25 a.m., Supervisory Border Patrol Agent A. Velez observed the Ford Explorer drive south past his location near mile marker 31.  At approximately 9:40 a.m., Agent Velez observed the Ford Explorer driving north near mile marker 32.  Based on his knowledge of the area, Agent Velez knew there was no destination within driving distance that the Ford Explorer could have reached and then departed from.  Suspecting possible illegal activity, Agent Velez informed other Border Patrol agents near his location about the Ford Explorer and its route of travel.

/ /

1    Border Patrol Agent L. Lopez, located to the north, observed the Ford Explorer approaching his
2    location and noticed that the Ford Explorer slowed down and slowly moved away from Agent Lopez's
3    location.  As the Ford Explorer passed by Agent Lopez, he noticed that the driver was sitting in a
4    straight position gripping the steering wheel with both hands and avoiding eye contact.  Agent Lopez
5    then heard the Ford Explorer's engine rev up and saw the vehicle accelerate away from his location.

6    Agent Lopez pulled and followed the Ford Explorer, and Agent Lopez activated his emergency
7    equipment in order to stop the Ford Explorer at the intersection of S-2 and Highway 78.  The Ford
8    Explorer came to a stop at the stop sign, and proceeded westbound on Highway 78.  As the Ford
9    Explorer made the left turn, Agent Lopez observed the driver of the vehicle place his arm out the
10   driver's window and begin to wave and motion, showing that he was wearing the camouflage shirt.
11   Suddenly, the driver placed his arm back inside the window, and the Ford Explorer quickly accelerated,
12   failing to yield to Agent Lopez.  At approximately 10:00 a.m., Agent Lopez informed dispatch that the
13   Ford Explorer failed to yield and the he was following the Ford Explorer westbound on Highway 78.

14   Agent Perez informed Agent Lopez that he would be taking over the vehicle pursuit in a
15   surveillance mode.  Agent Perez followed the Ford Explorer as it made a right turn and headed
16   westbound.  Agent Lopez arrived in the area and assisted Agent Perez with surveillance.  At
17   approximately mile marker 3 on Highway 78, Agent Perez observed the driver throw his military style
18   hat out of the passenger window. The Ford Explorer entered a series of curves in the road, where Agent
19   Perez lost sight of the vehicle for a brief moment.  After exiting the curves, Agent Perez observed
20   several occupants sitting up in the Ford Explorer.  The Ford Explorer failed to make a stop at the
21   intersection of Wynola Road and Highway 78.

22   Agents Perez and Lopez continued to follow the Ford Explorer when suddenly it made a left turn
23   onto Old Julian Highway. The Ford Explorer continued westbound for about three miles before entering
24   a series of sharp turns, where Border Patrol agents briefly lost sight of the vehicle.  Upon exiting the last
25   turn, Agent Perez observed a large dust cloud.  Agent Perez stopped his vehicle to search for the Ford
26   Explorer.  As the dust cleared, Agent Perez found the Ford Explorer rolled over in a ditch along the
27   road. Agent Perez also observed several individuals running away from the Ford Explorer.  Agent Perez
28   ran up to the Ford Explorer and found the driver, later identified as Vernancio Rojas-Pedroza, conscious

1  and moving, but wedged between the driver seat and roof badly injured. Agent Perez told Defendant
2  Rojas to remain call and that EMS was in route. Defendant Rojas was eventually able to move to the
3  back seat and exit the vehicle out the rear passenger window on his own accord.

4  Agent Lopez was able to apprehend three individuals that had run away from the rolled-over
5  Ford Explorer. State police and EMS arrived on scene to assist with traffic and provide medical
6  assistance to the injured aliens. During the field interviews, Agent Lopez learned that one of the
7  individuals, Manuel Carranza-Soto, was the foot-guide that led the other two individuals, Victor
8  Alcaraz-Duarte and German Reyes-Calderon, from Mexico into the United States. Alcaraz and Reyes
9  were transported by EMS to the local hospital for treatment of their injuries. Defendants Rojas and
10 Carranza were air lifted by Mercy Air to the hospital for treatment of their injuries.

11 Border Patrol Agents Hays and J. Lopez performed field interviews of material witnesses
12 ("M/W") Alcaraz and Reyes once they were released from the hospital. Both admitted that they were
13 citizens and nationals of Mexico without documentation to enter or remain in the United States. At
14 approximately 2:00 p.m., M/Ws Alcaraz and Reyes were arrested and transported to the Murrieta Border
15 Patrol Station for processing.

16 Upon release from the hospital, Agent Barrera identified himself to Defendant Carranza and
17 performed a field interview, learning that Defendant Carranza was a citizen and national of Mexico
18 without documents to enter or remain in the United States. At approximately 3:30 p.m., Defendant
19 Carranza was arrested and transported to the Murrieta Border Patrol Station for processing.

20 On August 1, 2008, at approximately 3:50 p.m., Agent J. Campbell arrived at the hospital
21 because Defendant Rojas was expected to be released. Agent Campbell arrested Defendant Rojas and
22 transported him to the Murrieta Border Patrol Station for processing.

23 **B.    DEFENDANTS' POST-ARREST STATEMENTS**
24      **1.    *Defendant Carranza***

25 On July 30, 2008, at approximately 8:32 p.m., Agent N. Mondragon, as witnessed by Agent J.
26 Lopez, advised Defendant Carranza, in the Spanish language, of his constitutional rights pursuant to
27 Miranda. Defendant Carranza acknowledged that he understood his rights , waived his Miranda rights,
28 and agreed to speak with Agents without the presence of an attorney. Defendant Carranza stated that

he was born in Mexico and is a citizen and national of Mexico, without immigration documents to enter or remain in the United States. Defendant Carranza stated that he illegally entered the United States six days ago through the hills near Tecate, California. He said his family made arrangements with an unknown smuggler to facilitate his travel to Los Angeles, California.

Defendant Carranza said he walked for about five days, and on the third night, Border Patrol agents chased the group he was in back to Mexico. Defendant Carranza hid inside a cave. He followed a foot-guide that did not enter the Ford Explorer. Defendant Carranza said he did not know how Defendant Rojas knew where to pick them up. Defendant Carranza said he told Defendant Rojas to stop the vehicle but Defendant Rojas did not want to stop. Defendant Carranza noted that Defendant Rojas was wearing a green, military style shirt and that Defendant Rojas had a cell phone.

Defendant Carranza admitted that he had been apprehended on numerous prior occasions by Border Patrol and several times in the area he was apprehended in on July 30, 2008. When asked whether Defendant Carranza considered himself to be an honest person and he said, "No." When asked about his immigration history as a foot-guide, Defendant Carranza admitted that he had been a foot-guide on previous occasions, but just not on this occasion.

### 2.     *Defendant Rojas*

On August 1, 2008, at approximately 7:15 p.m., Agent J. Lopez, as witnessed by Agent P. Castillo, advised Defendant Rojas of his constitutional rights pursuant to Miranda. Defendant Rojas acknowledged that he understood his rights, waived his Miranda rights, and agreed to speak with Agents without the presence of an attorney. Defendant Rojas admitted that he was born in Mexico and is a citizen and national of Mexico without any documents that would allow him to enter or remain in the United States. Defendant Rojas admitted that he has been in the United States for the last ten years. Defendant Rojas stated that he was not the driver of the Ford Explorer and was merely one of the illegal aliens that crossed into the United States. Defendant Rojas quickly realized that this was inconsistent with his claim to being in the United States for the last ten years. Defendant Rojas recanted his story and admitted he was the driver of the Ford Explorer. He admitted he fled from Border Patrol and caused the Ford Explorer to roll over into a ditch. Defendant Rojas also admitted that he was being paid approximately $200.00 to pick up the illegal aliens and transport them.

### C. **MATERIAL WITNESS' STATEMENTS**

M/Ws Alcaraz and Reyes admitted to being citizens and nationals of Mexico without documents that would allow them to enter or remain in the United States. Each material witness stated that they made arrangements in Tijuana, Mexico, to be smuggled into the United States. The two material witnesses admitted that they agreed to pay between $1,700 and $2,000 to be smuggled into the United States. Both of the material witnesses positively identified Defendant Carranza from a photographic lineup as the foot-guide that crossed the group illegally into the United States. The material witnesses stated that Defendant Carranza led them across the hills for approximately five days.

### D. **DEFENDANTS' IMMIGRATION HISTORY**

#### 1. *Defendant Rojas*

A records check confirmed that Defendant Rojas is a citizen and national of Mexico, and that Defendant Rojas was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on February 23, 1998. Defendant Rojas has been removed from the United States on approximately four prior occasions: (1) June 23, 1997; (2) February 23, 1998; (3) November 9, 2004; and (4) May 21, 2007. After Defendant Rojas' last deportation, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

#### 2. *Defendant Carranza*

A records check confirmed that Defendant Carranza is a citizen and national of Mexico, and that Defendant Carranza was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on December 27, 2004. Defendant Carranza has been removed from the United States on approximately ten prior occasions: (1) June 23, 1987; (2) June 18, 2004; (3) December 27, 2004; (4) May 18, 2005; (5) July 14, 2005; (6) October 2, 2006; (7) October 22, 2007; (8) November 8, 2007; (9) January 30, 2008; and (10) March 24, 2008. After Defendant Carranza's last deportation, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### E.    **DEFENDANTS' CRIMINAL HISTORY**

Defendant Rojas has a one conviction on February 18, 1989 for disorderly conduct, which is an infraction, in Glendale, Arizona.

Defendant Carranza has several immigration felony convictions. On March 10, 1982, Defendant Carranza received a felony conviction for alien smuggling and illegal entry, in violation of 8 U.S.C. §§ 1324 and 1325, and was sentenced to two years' prison. On November 23, 1982, Defendant Carranza received a felony conviction for illegal entry, in violation of 8 U.S.C. § 1325, and was sentenced to sixty days' prison. On January 13, 1986, Defendant Carranza received a felony conviction for illegal entry, in violation of 8 U.S.C. § 1325, and was sentenced to ten days' prison. On June 6, 1986, Defendant Carranza received a felony conviction for illegal entry, in violation of 8 U.S.C. § 1325, and was sentenced to forty days' prison.

### III

### **MEMORANDUM OF POINTS AND AUTHORITIES**

### A.    **MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

#### 1.    **Defendant's Disclosures Under Fed R. Crim. P. 16(b)**

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 242 pages of discovery (including reports of the arresting officers and agents, criminal history reports, and documents concerning Defendant's prior convictions) and 1 DVD-rom with Defendants' and material witnesses' statements. As of the date of this Motion, the United States has not received any reciprocal discovery from Defendant. Thus, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

1  The United States further requests that it be permitted to inspect and copy or photograph any
2  results or reports of physical or mental examinations and of scientific tests or experiments made in
3  connection with this case, which are in the possession or control of Defendant, which he intends to
4  introduce as evidence at the trial, or which was prepared by a witness whom Defendant intends to call
5  as a witness.  Because the United States will comply with Defendant's request for delivery of reports
6  of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1).
7  The United States also requests that the Court make such order as it deems necessary under Fed. R.
8  Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### 2. Witness Statements Under Fed. R. Crim. P. 26.2

10 Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a
11 statement made by Defendant.  Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in
12 accordance with the Jencks Act.

13 The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after
14 the witness has testified.  In order to expedite trial proceedings, the United States hereby requests
15 Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before
16 trial to be set by the Court.  Such an order should include any form in which these statements are
17 memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### B.  MOTION FOR LEAVE TO FILE FURTHER MOTIONS

19 Should new information or legal issues arise, the United States respectfully requests the
20 opportunity to file such further motions as may be appropriate.

21 / /
22 / /
23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: September 8, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR2715-DMS |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| VERNANCIO ROJAS-PEDROZA (1), MANUEL CARRANZA-SOTO (2), | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **Notice of Motions and Motions** For (1) Reciprocal Discovery; and (2) Leave to File Further Motions; together with the separately captioned Statement of Facts and Memorandum of Points and Authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Kathryn A. Thickstun Leff
   Law Offices of Kathryn A. Thickstun
   110 West C Street, Suite 2108
   San Diego, California 92101
   Tel: (619) 523-5375
   Email: ktleff@cox.net
   *Attorney for Defendant Rojas-Pedroza*

2. Gary Paul Burcham
   Law Office of Gary P. Burcham
   964 Fifth Avenue, Suite 300
   San Diego, California 92101
   Tel: (619) 699-5930
   Email: gburcham@sbcglobal.net
   *Attorney for Defendant Carranza-Soto*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2008.

/s/ **Joseph J.M. Orabona**
JOSEPH J.M. ORABONA
Assistant United States Attorney